1  SAMI SEDGHANI (#280437)
2  **SYNERGIST LAW, P.C.**
   1299 Fourth Street Suite 301
3  San Rafael, CA, 94901
   Telephone:     (415) 326-3708
4  sami@synergistlaw.com

5  *Attorney for Non-Party Ron Najafi and Emery Pharma*

6

7  **IN THE UNITED STATES DISTRICT COURT**
   **IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA**

8

9  IN RE RULE 45 SUBPOENAS ISSUED          Case No. 21-mc-80304
10 TO DR. RON NAJAFI AND EMERY
   PHARMA
11                                          **DECLARATION OF SAMI**
                                            **SEDGHANI IN SUPPORT OF EX**
12                                          **PARTE APPLICATION TO**
                                            **SHORTEN TIME**
13

14

15

16                            **SEDGHANI DECLARATION**

17 **I, Sami Sedghani, declare as follows:**

18      1.  I am an attorney at law licensed to practice in the State of California. I am

19 counsel to non-parties Dr. Ron Najafi and Najafi Pharma Inc. dba Emery Pharma (collectively

20 "Emery Pharma Deponents") and have personal knowledge of the facts outlined in this

21 declaration and, if called as a witness, could and would testify competently to such facts under

22 oath.

23      2.  The basis for the requested shortening of time is that the end of fact discovery in

24 the case is January 24, 2022 and movant understands that Boehringer Ingelheim

25 Pharmaceuticals, Inc. ("BIP") intends to file numerous motions in the Southern District of

26 Florida, thereby imposing great burdens on Emery Pharma to have to file opposition briefings

27 in multiple courts.

28

3.  BIP has already repeatedly tried to force the Emery Pharma Deponents to engage in the MDL litigation and has indicated through her email today that she intends to file a motion to compel in the MDL despite the already pending motion to quash in this court.  Attached as **Exhibit A.** is a true and correct copy of email between me and counsel for BIP.

4.  The underlying dispute here concerns two meritless subpoenas to the Emery Pharma deponents that this court can readily dispose of based on the papers.

5.  If the court does not shorten the briefing schedule for the instant motion to quash, Emery Pharma Deponents will suffer substantial harm by being forced to have to appear in an MDL litigation which they are not a party to, simply because BIP does not intend to follow the procedures outline in FRCP 45. It will further force duplicative motion practice and further allow BIP to assert an unfair advantage by forcing Emery Pharma to have to seek new local counsel simply to oppose the motion thereby incurring additional fees. Attached as **Exhibit B** is a notice of Potential Tag-Along Action, filed by counsel for BIP in the MDL litigation. In the notice attached as **Exhibit B**, counsel for BIP states that " The motion to quash for this potential tagalong action shares common questions of fact and law and is premised on the same core issues as the other actions pending before the Panel and is therefore a "Tag-Along Action" for purposes of these proceedings."

6.  The undersigned has already met and conferred several times with BIP's counsel and could not persuade Ms. Caanan that the Northern District of California was the sole and only proper venue for deciding the instant dispute with respect to the rule 45 subpoenas issued to Emery Pharma and Dr. Najafi.

Dated: December 23, 2021

**SYNERGIST LAW, P.C.**

Sami Sedghani, Esq.

Attorneys for *Attorney for Non-Parties Ron Najafi and Emery Pharma*

SYNERGIST LAW, P.C.
ATTORNEYS AT LAW

SEDGHANI DECLARATION

# Exhibit A

| From: | Sami Sedghani |
|---|---|
| To: | "Eva Canaan"; "Mike McGlamry"; "Amala Sarvepalli" |
| Cc: | jdodge@emory.edu; "Michael Shortnacy"; rosemarie.bogdan@1800law1010.com; "Caroline McGlamry" |
| Subject: | RE: Zantac Zoom Meeting-Depo Subpoenas |
| Date: | Thursday, December 23, 2021 11:12:58 AM |

Eva,

Without responding the substance of your email below (which we disagree with on both factual and legal grounds) I wanted to reiterate our position that we will not agree to any fact depositions of Emery Pharma or its employees on the grounds specified in our motion to quash.  Furthermore, we believe that BIP is the one who is engaged in gamesmanship, harassment and bully tactics intended to increase legal costs on a small non-party by needlessly complicating the issue and filing redundant and meritless motions before a tribunal that has no power to enforce the subpoena.

As the issues in our motion have no overlap in any way with the "core" issues in the MDL litigation we will oppose BIP's forum shopping gambit in contravention of FRCP 45.   BIP has clearly misled the MDL court as the motion pending before the NDCA has no overlap with the MDL cases now pending in the SDFL. Furthermore, the issues we cite as the basis to quash the subpoenas are different from those addressed by the Deponents in the valisure ruling you forwarded me.  For example, the NDCA need not know anything about the MDL litigation to decide that your subpoenas are defective for failure to tender fees. This alone is motion dispositive.


SAMI SEDGHANI, PHARM.D., J.D.
Attorney at Law
SYNERGIST LAW, P.C.
1299 4TH Street, Suite 301
San Rafael, CA 94901
Tel  +1 415  767 5024  Mobile +1 415 326 3708  |
Email sami@synergistlaw.com
Website: www.synergistlaw.com


CONFIDENTIALITY NOTICE: This email and its attachments are from Synergist Law P.C. and may contain attorney-client, work product or other privileged, confidential or proprietary information and may be exempt from disclosure under applicable laws. This email and its attachments are for the intended recipient(s). If you are not the intended recipient, any dissemination, disclosure, distribution, or copying of this email or its attachments is strictly prohibited. If you received this email or its attachments in error, please reply indicating so and delete all copies of the email and its attachments.

DISCLAIMER: Nothing contained herein should be construed as creating an attorney-client relationship or the rendering of legal advice. Unless a formal written retainer agreement has been fully executed, no action will be taken to protect your rights. Be advised that each litigation matter has an applicable statute of limitation that prescribes the last day on which a lawsuit or claim may be filed on your behalf. If you miss that date, it will be impossible for you to pursue your rights in court.


-----Original Message-----
From: Eva Canaan <ecanaan@kslaw.com>
Sent: Thursday, December 23, 2021 10:05 AM
To: Mike McGlamry <mmcglamry@pmkm.com>; Amala Sarvepalli <amalasarvepalli@pmkm.com>
Cc: jdodge@emory.edu; sami@synergistlaw.com; Michael Shortnacy <MShortnacy@KSLAW.com>; rosemarie.bogdan@1800law1010.com; Caroline McGlamry <CarolineMcGlamry@pmkm.com>; Sami Sedghani <sami@synergistlaw.com>

Subject: RE: Zantac Zoom Meeting-Depo Subpoenas

Mike – hello again. I am looping in Sami Sedghani, so we are all on the same page here.

First, I think there is improper gamesmanship going on here about whether, and to what extent, Plaintiffs are coordinating with Emery. On December 3rd, I had a conference with Mr. Sedghani, where we were supposed to discuss the briefing schedule for Emery's motion to quash. Instead, he told me that we didn't need to engage in these discussions because Plaintiffs had reached out to Special Master Dodge with respect to the Emery subpoenas on December 1st. During the initial conference and negotiations with Special Master Dodge and the Plaintiffs, we repeatedly offered a compromise position where Emery/Mr. Najafi would only get deposed after the production of expert reports in the MDL. Plaintiffs never even responded to our suggested compromise. Then, on December 16th, Mr. Sedghani reached out and we had a meet-and-confer on December 17th. On the December 17th call, Mr. Sedghani indicated his intention to file a motion to quash in the Northern District of California. He told Mr. Shortnacy and me that he was not coordinating with Plaintiffs, that Plaintiffs' objections to the subpoenas are distinct from Emery's, and that he was not even aware of the compromise that we suggested to Plaintiffs with respect to the subpoenas (if so, we should have discussed a briefing schedule on December 3rd, as originally planned, instead of wasting 2 weeks on negotiating with the Plaintiffs). Then, on December 20, Emery filed a motion to quash in ND of California, that is supported by the declaration of Rosemarie Bogdan. Bottom line: it is clear to us that Emery is coordinating with Plaintiffs and using bad-faith delay tactics to prolong the resolution of this dispute.

Second, we were deeply troubled by Mr. Sedghani's, and Ms. Bogdan's, representations to the N.D. Cal. court in their attorney declarations. These declarations omit all of the meet-and-confer discussions we have had with Mr. Sedghani and the MDL plaintiffs' counsel setting out compromise positions on the date of Emery's/Ron Najafi's depositions to alleviate any concerns (though we believe that they are not well founded) they have about testimony being obtained prior the expert reports being served. We specifically told Plaintiffs and Mr. Sedghani that we were amenable to taking the Emery/Najafi depositions after the expert reports were served, but they omitted that from their declarations to the Court and instead maintained that BI was seeking an immediate deposition. This was incorrect and misleading.

Third, as we explained to Mr. Sedghani during our meet and confer with him on December 17, the MDL Court is the appropriate court to hear any issues relating to the subpoena for testimony from Emery Pharma. We sent Mr. Sedghani the Bretholz transfer order (attached), where on facts nearly identical to those here, the JPML deemed the case related to the MDL (over the subpoenaed party's objection) and ordered the case transferred to the MDL Court.   In light of the JPML's 12/3/2021 decision, we do not believe Emery's intended objection to tagging the N.D. Cal. action to the MDL can be made in good faith and we reserve our right to seek all costs associated with responding.

Fourth, we intend to file a motion to enforce our deposition subpoenas to Emery in the MDL. Sami – please provide your availability for a meet-and-confer tomorrow, since I understand that you are no longer available today.

We look forward to raising these issues with the MDL court.

Best, Eva.


-----Original Message-----
From: Mike McGlamry <mmcglamry@pmkm.com>
Sent: Thursday, December 23, 2021 9:03 AM
To: Amala Sarvepalli <amalasarvepalli@pmkm.com>
Cc: Eva Canaan <ecanaan@kslaw.com>; jdodge@emory.edu; sami@synergistlaw.com; Michael Shortnacy <MShortnacy@KSLAW.com>; rosemarie.bogdan@1800law1010.com; Caroline McGlamry <CarolineMcGlamry@pmkm.com>
Subject: RE: Zantac Zoom Meeting-Depo Subpoenas

CAUTION: MAIL FROM OUTSIDE THE FIRM

Eva, I have been made aware that Emery Pharma's counsel has notified you that he will oppose the transfer to the MDL. I have notified Mr. Sedghani that he does not need to appear. Therefore, there is no need for a call today. If defense counsel and Jaime want to discuss expert discovery generally, as we head into that process in January, we are amenable to those discussions (as I mentioned in our last meet and confer), but that should include a broader group than scheduled for the call today. I will let Jaime weigh in on this before our next steps. Thanks, Mike.

-----Original Message-----
From: Mike McGlamry
Sent: Wednesday, December 22, 2021 11:00 PM
To: Amala Sarvepalli <amalasarvepalli@pmkm.com>
Cc: ecanaan@kslaw.com; jdodge@emory.edu; sami@synergistlaw.com; mshortnacy@kslaw.com; rosemarie.bogdan@1800law1010.com; Caroline McGlamry <CarolineMcGlamry@pmkm.com>
Subject: Re: Zantac Zoom Meeting-Depo Subpoenas

Eva, we issued this invite because I recalled that Jaime cannot get on your conference system. I hope this is OK with you. Thanks, Mike.

Sent from my iPhone

> On Dec 22, 2021, at 10:57 PM, Amala Sarvepalli <amalasarvepalli@pmkm.com> wrote:
>
> Pope McGlamry is inviting you to a scheduled Zoom
>
> Time: Dec 23, 2021 12:00 PM Eastern Time (US and Canada)
>
> Join Zoom Meeting
> https://nam11.safelinks.protection.outlook.com/?url=https%3A%2F%2Fus06
> web.zoom.us%2Fj%2F87155660127%3Fpwd%3DcXBnWWt6Z0dNcENTT0RRREhSemd6&amp
> ;data=04%7C01%7Cecanaan%40kslaw.com%7Cfd53050c3dab40422e7608d9c61cf8b8
> %7C070bb826d2dc4db791103d46e2a9e315%7C0%7C0%7C637758650003199142%7CUnk
> nown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDAiLCJQIjoiV2luMzIiLCJBTiI6Ik1haWw
> iLCJXVCI6Mn0%3D%7C3000&amp;sdata=KJISrEUO8BIAZ%2BPCyg6zFP%2Fq3kuQm32Pm
> UWQMLi%2BvBI%3D&amp;reserved=0
> UT09
>
> Meeting ID: 871 5566 0127
> Passcode: 742689
> One tap mobile
> +13017158592,,87155660127#,,,,*742689# US (Washington DC)
> +13126266799,,87155660127#,,,,*742689# US (Chicago)
>
> Dial by your location
>        +1 301 715 8592 US (Washington DC)
>        +1 312 626 6799 US (Chicago)
>        +1 646 558 8656 US (New York)
>        +1 253 215 8782 US (Tacoma)
>        +1 346 248 7799 US (Houston)
>        +1 720 707 2699 US (Denver)
> Meeting ID: 871 5566 0127
> Passcode: 742689
> Find your local number:
> https://nam11.safelinks.protection.outlook.com/?url=https%3A%2F%2Fus06
> web.zoom.us%2Fu%2FkcYGfO8bRs&amp;data=04%7C01%7Cecanaan%40kslaw.com%7C
> fd53050c3dab40422e7608d9c61cf8b8%7C070bb826d2dc4db791103d46e2a9e315%7C
> 0%7C0%7C637758650003199142%7CUnknown%7CTWFpbGZsb3d8eyJWIjoiMC4wLjAwMDA
> iLCJQIjoiV2luMzIiLCJBTiI6Ik1haWWwiLCJXVCI6Mn0%3D%7C3000&amp;sdata=1ek4M
> Xp6BM3w6qJxgRTKFNlYDAj3yUzzAC%2BeQtSv6vk%3D&amp;reserved=0

_____

King & Spalding Confidentiality Notice:

This message is being sent by or on behalf of a lawyer. It is intended exclusively for the individual or entity to which it is addressed. This communication may contain information that is proprietary, privileged or confidential or otherwise legally exempt from disclosure. If you are not the named addressee, you are not authorized to read, print, retain, copy or disseminate this message or any part of it. If you have received this message in error, please notify the sender immediately by e-mail and delete all copies of the message. Click here to view our Privacy Notice. <https://www.kslaw.com/pages/privacy-notice>

# Exhibit B

BEFORE THE UNITED STATES JUDICIAL PANEL
ON MULTIDISTRICT LITIGATION

| | |
|---|---|
| IN RE: ZANTAC (RANITIDINE) PRODUCTS LIABILITY LITIGATION | MDL No. 2924 |

## NOTICE OF POTENTIAL TAG-ALONG ACTION

In accordance with Rule 7.1(a) of the Rules of Procedure for the United States Judicial Panel on Multidistrict Litigation, Defendant Boehringer Ingelheim Pharmaceuticals, Inc., notifies the Panel of the following potential tag along action listed on the attached Schedule of Actions to *In re Zantac (Ranitidine) Products Liability* Litigation, MDL No. 2924.

*In re Rule 45 Subpoenas Issued to Dr. Ron Najafi and Emery Pharma,* United States District Court for the Northern District of California, Case No. 21-mc-80304; A Schedule of Actions is attached to this Notice as Exhibit A. Copies of the docket sheet and motion to quash for this case are attached to this Notice as Exhibit B. The motion to quash for this potential tag-along action shares common questions of fact and law and is premised on the same core issues as the other actions pending before the Panel and is therefore a "Tag-Along Action" for purposes of these proceedings.

Dated: December 21, 2021

Respectfully submitted,

*/s/ Andrew T. Bayman*
Andrew T. Bayman
KING & SPALDING LLP
1180 Peachtree Street, NE, Suite 1600
Atlanta, Georgia 30309
abayman@kslaw.com
Tel.: (404) 572-3583
Fax: (404) 572-5100

*Counsel for Defendant Boehringer Ingelheim Pharmaceuticals, Inc.*