1  Michael B. Shortnacy (SBN 277035)
   KING & SPALDING LLP
2  633 West Fifth Street, Suite 1600
   Los Angeles, CA  90071
3  Telephone: (213) 443-4355
   Facsimile: (213) 443-4310
4  mshortnacy@kslaw.com

5  *Attorney for Subpoenaing Party*
   *Boehringer Ingelheim Pharmaceuticals, Inc.*

6

7

8

9
                    UNITED STATES DISTRICT COURT
10
                   NORTHERN DISTRICT OF CALIFORNIA
11

12  In re Rule 45 Subpoenas Issued to Dr. Ron Najafi    Case No. 21-mc-80304
    and Emery Pharma
13                                                      **DECLARATION OF MICHAEL B.
                                                        SHORTNACY IN OPPOSITION TO DR.
14                                                      RON NAJAFI AND EMERY PHARMA'S
                                                        EMERGENCY EX PARTE
15                                                      APPLICATION FOR ORDER
                                                        SHORTENING TIME FOR BRIEFING
16                                                      ON THEIR MOTION TO QUASH
                                                        SUBPOENAS PURSUANT TO L.R. 6-3
17                                                      [Dkt. 9]

18

19
                     DECLARATION OF MICHAEL SHORTNACY
20

21         I, Michael B. Shortnacy, declare as follows:

22         1.      I am a member of the bar of the states of California, New York, and the District of

23  Columbia, and I am a partner in the law firm of King & Spalding LLP.  I am counsel of record for

24  Boehringer Ingelheim Pharmaceuticals, Inc. ("BIPI") in the Multi District Litigation ("MDL"), *In Re:*

25  *Zantac (Ranitidine) Prod. Liab. Litig.*, 9:20-md-02924 (S.D. Fla.) overseen by Judge Robin L.

26  Rosenberg in the United States District Court for the Southern District of Florida (the "MDL").  I am

27  also a member of the court-appointed Defense Leadership Steering Committee in the MDL.  (MDL

28  Dkt. 747).

2.      I make this Declaration in support of BIPI's Opposition to Dr. Ron Najafi and Emery Pharma's Emergency *Ex Parte* Application for Order Shortening Time for Briefing on Their Motion to Quash Subpoenas Pursuant to L.R. 6-3 [Dkt. 9] (the "Application").

3.      I am over 18 years old, and I have personal knowledge of the facts in this declaration. If called to testify, I could and would competently testify to these facts.

4.      Since July 2021, I have been in communication with Mr. Sami Sedghani of the Synergist Law, P.C. firm in his role as counsel for Emery Pharma and Dr. Ron Najafi (together, the responding parties, or "Emery").  Specifically, Mr. Sedghani has acted as Emery and Dr. Najafi's legal counsel in connection with a prior subpoena for documents relating to Emery's testing of Zantac and ranitidine, which is not at issue in Emery's motion to quash.

5.      On November 17, 2021, I caused the subpoenas for deposition testimony to Emery and Dr. Najafi (at issue here) to be emailed to their legal counsel, Mr. Sedghani, with a request that Mr. Sedghani confirm he was authorized to accept service of the subpoenas.  On November 22, 2021, following a brief meet and confer regarding the scope of the subpoenas and the fact testimony sought pursuant to subpoenas, Mr. Sedghani responded in writing that he was so authorized and accepted service of the subpoenas.

6.      On December 17, 2021, I participated in a meet and confer with Mr. Sedghani, who indicated his intention to file a motion to quash the subpoenas in the Northern District of California. I informed Mr. Sedghani that the MDL Court is the appropriate court to hear any issues relating to the subpoenas for testimony to Emery and explained that the JPML had already deemed two separate motions to quash (with nearly identical facts as those presented here) to be related to the MDL and ordered the proceedings transferred to the MDL Court.

7.      During the December 17 meet and confer, I also advised Mr. Sedghani of a potential compromise proposal regarding the deposition testimony that I had communicated to the MDL plaintiffs' counsel on December 6th.  In the proposed compromise, BIPI would agree not to seek any deposition of Emery or Dr. Najafi until shortly after January 24, 2022 (the MDL deadline for the service of general causation expert reports).  Up until the December 17 meet and confer, I had understood from the MDL plaintiffs' counsel that they would coordinate with Mr. Sedghani.  But

- 2 -

1  Mr. Sedghani claimed during the meet and confer he was not aware of BIPI's compromise proposal,

2  and Mr. Sedghani refused to consider the proposal or discuss it substantively during the meet and

3  confer.

4      8.    Instead, on December 20, 2021, Emery and Dr. Najafi moved this Court to quash the

5  subpoenas.

6      9.    On December 21, 2021, because subpoenas at issue call for testimony about Emery's

7  and Dr. Najafi's testing of Zantac and ranitidine prior to their engagement as experts, and because

8  that testing is relied on by the MDL plaintiffs in their Master Complaints, BIPI filed a notice of tag

9  along with the Judicial Panel for Multidistrict Litigation seeking conditional transfer of the motion

10 to quash to the MDL Court.  (J.P.M.L. Dkt. 963).  To date, the JPML has not issued a conditional

11 transfer order.

12     10.    In an attempt to discuss the expected conditional transfer order from the JPML and

13 Emery's position with respect to that impending order, and Emery's motion to quash, I had

14 scheduled a further meet and confer with Mr. Sedghani, together with the MDL plaintiffs' counsel,

15 to take place on December 23.  The morning of December 23rd, however, Mr. Sedghani abruptly

16 cancelled the meet and confer.

17     11.    Later that evening, after the close of business, and just prior to the commencement of

18 the Christmas holiday weekend, and after Mr. Sedghani was informed of BIPI's intention to seek to

19 compel compliance with the subpoenas from the MDL Court, Mr. Sedghani filed an "emergency"

20 Ex Parte Application For Order Shortening Time For Briefing On Their Motion To Quash

21 Subpoenas Pursuant To L.R. 6-3 [Dkt. 9] (the "Application").

22     12.    Mr. Sedghani failed to meet and confer with BIPI in connection with the ex parte

23 Application in violation of L.R. 7-10, and failed to meet and confer with BIPI in connection with

24 Emery's request for a modified briefing schedule on Emery's motion to quash as required by L.R.

25 6-3.

26     13.    Counsel for BIPI is not aware of any law or statute that provides either Emery or Dr.

27 Najafi authority to file an ex parte application, as required by L.R. 7-10.  Emery does not cite such

28 authority in its Application.

- 3 -

14.     Counsel for BIPI is also not aware of any good-faith basis for filing the "emergency" Application over the Christmas holidays, requiring response on the Monday following the holiday weekend.

15.     There is no reason to shorten the time for briefing on the motion to quash because BIPI's response is due pursuant to L.R. 7-3, on January 3, 2021, which is only four business days from today (that also fall over the Christmas holiday period).

16.     Moreover, as outlined in the accompanying opposition brief, this Court has ample authority to refrain from deciding any of the issues presented by Emery in its Application and motion to quash, and transfer the matter to the MDL Court, which is well suited to adjudicate this dispute. Whether this Court transfers the motion to quash *sua sponte* pursuant to Fed. R. Civ. P. 45(f) or if BIPI seeks relief directly from the MDL Court (which has authority to enforce compliance pursuant to 28 U.S.C. § 1407(b)), Emery will have a forum to raise its objections to the subpoena.

17.     For the Court's reference, I attach true and correct copies of two transfer orders issued by the JPML resolving issues nearly identical to those presented in Emery's motion to quash by ordering motions to quash subpoenas filed by other third parties (including third party labs who claim to have conducted scientific testing on Zantac and ranitidine) transferred to the MDL Court.

   a. *In Re: Zantac (Ranitidine) Prod. Liab. Litig.*, MDL No. 2924 (J.P.M.L.), Dkt. 950, dated December 3, 2021, attached as **Exhibit A**; and

   b. *In Re: Zantac (Ranitidine) Prod. Liab. Litig.*, MDL No. 2924 (J.P.M.L.), Dkt. 565, dated December 15, 2020, attached as **Exhibit B**.

18.     In addition, for the Court's reference, I attach a true and correct copy of an order entered by the MDL Court in finding that discovery related to another third-party's laboratory testing on ranitidine "the scientific linkage between NDMA and ranitidine are vitally important issues." *In Re: Zantac (Ranitidine) Prod. Liab. Litig.*, 9:20-md-02924, Dkt. 4566, dated October 27, 2021, attached as **Exhibit C**.

I declare under the penalty of perjury under the laws of the United States that the foregoing is true and correct.

DECLARATION OF MICHAEL B. SHORTNACY IN OPPOSITION TO DR. RON NAJAFI AND EMERY PHARMA'S EMERGENCY EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR BRIEFING ON THEIR MOTION TO QUASH SUBPOENAS PURSUANT TO L.R. 6-3 [Dkt. 9]; 21-mc-80304

1    Executed this 27th day of December, 2021, in Los Angeles, California.

2

3                                        /s/ *Michael B. Shortnacy*

                                         Michael B. Shortnacy
4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF MICHAEL B. SHORTNACY IN OPPOSITION TO DR. RON NAJAFI AND EMERY
PHARMA'S EMERGENCY EX PARTE APPLICATION FOR ORDER SHORTENING TIME FOR BRIEFING ON
THEIR MOTION TO QUASH SUBPOENAS PURSUANT TO L.R. 6-3 [Dkt. 9]; 21-mc-8030439851221