# Exhibit "A"

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: ZANTAC (RANITIDINE)
PRODUCTS LIABILITY LITIGATION                                                   MDL No. 2924

**TRANSFER ORDER**

    **Before the Panel**: We are presented with two motions in this docket. First, plaintiff in the Eastern District of Missouri *Harrell* action moves under Panel Rule 7.1 to vacate our order that conditionally transferred *Harrell* to the Southern District of Florida for inclusion in MDL No. 2924. The responding *Harrell* defendants oppose this motion.[1] The second motion to vacate is brought by Michael Bretholz, who moved in the Southern District of New York to quash a subpoena issued by MDL defendant GlaxoSmithKline LLC (GSK). GSK opposes the motion to vacate.

    The motion to vacate in *Harrell* is readily disposed of. In support of her motion to vacate, plaintiff primarily argues that federal subject matter jurisdiction over *Harrell* is lacking, and that her pending motion for remand to state court should be decided before transfer. We are not persuaded by these arguments. The Panel has held that such jurisdictional objections generally do not present an impediment to transfer.[2] *See, e.g.*, In re Prudential Ins. Co. of Am. Sales Practices Litig., 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001) ("[R]emand motions can be presented to and decided by the transferee judge.").

    Plaintiff in *Harrell* also argues that transfer will cause her inconvenience because it will delay the determination of her remand motion. Transfer of an action, however, is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation.").

---

[1] The responding *Harrell* defendants include: Boehringer Ingelheim Pharmaceuticals, Inc.; Boehringer Ingelheim Corporation; Boehringer Ingelheim USA Corporation; GlaxoSmithKline LLC; GlaxoSmithKline Holdings (Americas) Inc.; Pfizer Inc.; Sanofi-Aventis U.S., LLC; Sanofi US Service Inc.; Patheon Manufacturing Services, LLC; and Chattem, Inc.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

- 2 -

Plaintiff also suggests that *Harrell* is unique because it involves a specific seller (Schnuck Market, Inc.) of the ranitidine product allegedly consumed by plaintiff. But many actions in the MDL involve allegations against retailers of Zantac and generic ranitidine. Indeed, our original centralization order recognized that retailers are part of this litigation, and the transferee court has issued several decisions pertinent to such claims. *See, e.g.*, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020) (holding that whether "the manufacturers, *sellers*, and distributors of Zantac and other ranitidine medications knew or should have known" about the alleged dangers of ranitidine is a common question of fact) (emphasis added).

The second motion to vacate involves a motion to quash a subpoena served by MDL defendant GSK on Mr. Bretholz, who—depending on which party one asks—is either an attorney for or an investor in Valisure, LLC. Valisure is the laboratory that initially alerted the U.S. Food and Drug Administration (FDA) to the presence of N-Nitrosodimethylamine (NDMA) in Zantac, which ultimately spurred the present litigation. Mr. Bretholz argues that the motion to quash primarily presents legal issues that are not common with those being litigated in the MDL. He contends that the primary dispute centers on whether he acts as legal counsel for Valisure and whether the subpoena calls for information and documents protected by the attorney-client and other privileges. GSK, in opposition, insists that discovery obtained to date in the MDL suggests that Mr. Bretholz was an investor in Valisure, not legal counsel, and that he may possess information about Valisure's ranitidine testing and Valisure's financial incentives to (GSK alleges) skew the results of its testing in a plaintiff-friendly manner.

Setting aside the parties' dispute over Mr. Bretholz's role vis-à-vis Valisure, the subpoena action undoubtedly shares common factual questions with the actions in MDL No. 2924. The subpoena was issued by the transferee court, and it seeks discovery relating to the scientific testing from which this litigation arose. The motion to quash on its face raises overbreadth objections to the subpoena. *See* Am. Mem. in Supp. of Mot. to Quash at 1, *Bretholz v. GlaxoSmithKline LLC*, C.A. No. 1:21-mc-00698 (S.D.N.Y. filed Sept. 1, 2021), ECF No. 7. Such objections will require assessment of GSK's need for the discovery relative to the needs of the Zantac litigation.[3] The transferee court is well placed to resolve Mr. Bretholz's challenges to the subpoena given its extensive familiarity with the factual and legal issues in MDL No. 2924—something that, contrary to Mr. Bretholz's arguments, cannot easily be shared or coordinated with the court in New York.

The parties take contrasting views of a prior transfer order in this docket, in which we transferred a motion to quash a subpoena directed to Spaulding Clinical Research LLC, which had conducted a clinical trial involving ranitidine and NDMA on behalf of the FDA. *See* Transfer

---

[3] The parties clash over how prominent a role the relevance and proportionality objections play in Mr. Bretholz's motion to quash the subpoena. Mr. Bretholz stresses his privilege arguments. In response, GSK contends that Mr. Bretholz's offer to drop his relevance and proportionality objections—if doing so would result in denial of a pending motion in the transferor court to transfer the action to the Southern District of Florida—undermines his attempt to cabin the motion to quash to privilege objections. It is clear from the record is that, while Mr. Bretholz may have offered to waive his non-privilege objections, he has not in fact done so.

- 3 -

Order at 2–3, MDL No. 2924 (J.P.M.L. Dec. 15, 2020), ECF No. 565. Mr. Bretholz emphasizes that, unlike Spaulding, he is not a scientist and does not possess scientific data that Valisure (which separately has been the subject of discovery in the MDL) does not have. That, however, is exactly what an overbreadth and relevancy analysis—which the transferee court is in a superior position to conduct—will determine.

Mr. Bretholz also argues that transferring his motion to quash is contrary to the intent of Federal Rule of Civil Procedure 45 because it would result in the motion to quash being heard in the issuing court, as opposed to the court where the subpoena was served, and would impose an undue burden upon a non-party. At its root, this is an objection to transfer of any subpoena action under Section 1407. As explained in our order transferring the Spaulding subpoena, transfer of a motion to quash is not inconsistent with Rule 45. *See id.* at 3. And, while it might impose some burden on Mr. Bretholz to litigate his motion to quash outside his home forum, it would be inefficient and a waste of judicial resources to require the transferor court to learn the particulars of the MDL litigation so as to be able to adjudicate the motion to quash. Furthermore, Judge Rosenberg has conducted numerous conferences and hearings in the MDL using videoconferencing technology. It is unlikely that Mr. Bretholz's counsel will have to travel to the Southern District of Florida to prosecute the motion to quash.

Mr. Bretholz's final objection to transfer is based on an alleged lack of personal jurisdiction in the transferee district. This objection is without merit. As we have held multiple times, "'the transferee judge has all the jurisdiction and powers over pretrial proceedings in the action transferred to him that the transferor judge would have had in the absence of transfer.'" *In re Delta Dental Antitrust Litig.*, 509 F. Supp. 3d 1377, 1379 (J.P.M.L. 2020) (quoting *In re FMC Corp. Patent Litig.*, 422 F. Supp. 1163, 1165 (J.P.M.L. 1976)).

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2924, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of this litigation. In our order centralizing this litigation, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that ranitidine, the active molecule in Zantac and similar heartburn medications, can form the carcinogen NDMA, either during storage or when metabolized in the human body. *See In re Zantac*, 437 F. Supp. 3d at 1369. Like many of the actions in the MDL, *Harrell* involves allegations that plaintiff developed cancer caused by use of Zantac. *Bretholz*, as discussed, will entail common factual and legal questions stemming from the common discovery in the MDL. Both actions will benefit from inclusion in the coordinated pretrial proceedings.

- 4 -

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Robin L. Rosenberg for coordinated or consolidated pretrial proceedings.

                              PANEL ON MULTIDISTRICT LITIGATION

                              Karen K. Caldwell
                                      Chair

| | |
|---|---|
| Nathaniel M. Gorton | Matthew F. Kennelly |
| David C. Norton | Roger T. Benitez |
| Dale A. Kimball | Madeline C. Arleo |

**IN RE: ZANTAC (RANITIDINE)**
**PRODUCTS LIABILITY LITIGATION**                                    MDL No. 2924

## SCHEDULE A

<u>Eastern District of Missouri</u>

HARRELL v. BOEHRINGER INGELHEIM PHARMACEUTICALS, INC., ET AL., C.A. No. 4:21−01119

<u>Southern District of New York</u>

MICHAEL BRETHOLZ v. GLAXOSMITHKLINE LLC, C.A. No. 1:21−mc−00698