# Exhibit "B"

# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: ZANTAC (RANITIDINE)                                    MDL No. 2924
PRODUCTS LIABILITY LITIGATION


## TRANSFER ORDER


**Before the Panel:**[*]  Plaintiffs in the actions listed on Schedule A move under Panel Rule 7.1 to vacate our orders that conditionally transferred these actions to the Southern District of Florida for inclusion in MDL No. 2924.  The first motion to vacate is brought by the State of New Mexico, the plaintiff in the District of New Mexico action listed on Schedule A.  The State's motion is opposed by the defendants in that action.[1]  The second motion to vacate is brought by Spaulding Clinical Research LLC (Spaulding), which moved in the Eastern District of Wisconsin to quash a subpoena issued by the MDL plaintiffs.  Those plaintiffs oppose Spaulding's motion to vacate.

With respect to the New Mexico action, the State argues that federal subject matter jurisdiction is lacking and that the State's pending motion for remand should be decided by the transferor court.  As we regularly hold, such jurisdictional issues do not present an impediment to transfer.  The State can present its jurisdictional arguments to the transferee judge.[2]  *See, e.g.*, *In re Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347–48 (J.P.M.L. 2001).  We are not persuaded by the State's argument that transfer is not appropriate because the transferee court has not put in place a formal process for hearing remand motions.  Our review of the docket indicates that parties are able to raise remand issues with the transferee court—indeed, the court already has set a remand motion for determination after the court resolves pending motions to

---

[*] Judge Nathaniel M. Gorton took no part in the decision of this matter.

[1] These defendants include:  GlaxoSmithKline, LLC; Boehringer Ingelheim Pharmaceuticals, Inc.; Chattem Inc.; Sanofi-Aventis U.S., LLC; Sanofi US Services Inc.; Perrigo Research & Development Company; Lannett Company, Inc.; Novitium Pharma LLC; Aurobindo Pharma USA, Inc.; Amneal Pharmaceuticals, LLC; Glenmark Pharmaceuticals Inc., USA; Appco Pharma LLC; ANI Pharmaceuticals, Inc.; Sandoz Inc.; Apotex Corp.; Dr. Reddy's Laboratories, Inc.; Strides Pharma, Inc.; Teligent, Inc.; Costco Wholesale Corp.; CVS Health Corp.; CVS Pharmacy, Inc.; The Kroger Co.; Smith Food & Drug Centers, Inc.; Fred Meyer, Inc.; Target Corp.; Walgreens Boots Alliance, Inc.; Walgreens Co.; Walmart Inc.; and Pfizer Inc.

[2] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending.  Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it chooses to do so.

dismiss the master complaints (which may address the jurisdictional issues raised by the remand motion). *See* Order Denying Mot. for Leave at 3–4, *In re Zantac (Ranitidine) Prods. Liab. Litig.*, C.A. No. 9:20-md-02924 (S.D. Fla. Aug. 7, 2020), ECF No. 1394. We are confident the transferee court will resolve the State's remand arguments in due course.

The State also argues that its action involves unique factual and legal issues because the State asserts claims in its role as *parens patriae* and seeks statewide remedies. Like the actions in the MDL, though, the State asserts that defendants' ranitidine-containing medications break down to form an alleged carcinogen known as N-Nitrosodimethylamine (NDMA). The State, like the MDL plaintiffs, alleges that defendants were aware of this danger and that they deceptively labeled, marketed, and sold ranitidine-containing medications to consumers. Accordingly, there will be common discovery, and there exists a risk of duplicative discovery and inconsistent pretrial rulings absent centralization. That the State's enforcement action will include unique elements, such as its request for statutory penalties and statewide medical monitoring, is of no moment—the presence of additional or differing legal theories is not significant when the actions arise from a common factual core. *See In re Oxycontin Antitrust Litig.*, 542 F. Supp. 2d 1359, 1360 (J.P.M.L. 2008).

Additionally, the State contends that principles of comity and federalism weigh against transfer. While these concerns may be pertinent to the State's remand motion, they are less so with respect to Section 1407 centralization. We often have centralized state enforcement actions with private actions where those actions involve common factual questions. *See, e.g.*, Transfer Order at 2, *In re Dollar Gen. Corp. Motor Oil Mktg. & Sales Practices Litig.*, MDL No. 2709 (J.P.M.L. Oct. 4, 2017), ECF No. 61 (transferring state enforcement action); *In re Generic Pharm. Pricing Antitrust Litig.*, MDL No. 2724, 2017 WL 4582710, at *2 (J.P.M.L. Aug. 3, 2017) (same); Transfer Order at 1–2, *In re Fresenius GranuFlo/NaturaLyte Dialysate Prods. Liab. Litig.*, MDL No. 2428 (J.P.M.L. Jun. 4, 2014), ECF No. 660 (same). Such transfer is appropriate here given the common factual questions shared by the State's action and the actions in the MDL.

We are not persuaded that transfer will significantly inconvenience the State. Transfer of an action is appropriate if it furthers the expeditious resolution of the litigation taken as a whole, even if some parties to the action might experience inconvenience or delay. *See In re Watson Fentanyl Patch Prods. Liab. Litig.*, 883 F. Supp. 2d 1350, 1351–52 (J.P.M.L. 2012) ("[W]e look to the overall convenience of the parties and witnesses, not just those of a single plaintiff or defendant in isolation."). Moreover, "since Section 1407 transfer is for pretrial proceedings only, there is usually no need for the parties and witnesses to travel to the transferee district for depositions or otherwise." *See In re Cygnus Telecomms. Tech., LLC, Patent Litig.*, 177 F. Supp. 2d 1375, 1376 (J.P.M.L. 2001).

The second motion to vacate involves a motion to quash a subpoena served by the MDL plaintiffs on Spaulding, which recently completed a clinical trial regarding ranitidine and NDMA on behalf of the U.S. Food and Drug Administration. Spaulding argues that transfer is not appropriate because this proceeding is not a "civil action" subject to transfer under Section 1407. Spaulding's argument is not persuasive. We have held that, "[i]n order to effectuate the statutory objectives, transfer under Section 1407 should contemplate the broadest sweep of the term, 'civil

action.'" *In re Cintas Corp. Overtime Pay Arbitration Litig.*, 444 F. Supp. 2d 1353, 1355 (J.P.M.L. 2006). To the extent motions "are not criminal actions, are pending in federal district courts, and are suits of a civil nature, they are civil actions subject to transfer under Section 1407." *Id.* (rejecting argument that actions involving motions to compel arbitration were not civil actions subject to transfer). Accordingly, "[w]hile the Panel has not often considered transfer of actions involving a motion to quash a subpoena, it is not unprecedented." *In re Online DVD Rental Antitrust Litig.*, 744 F. Supp. 2d 1378, 1378 (J.P.M.L. 2010) (denying motion to vacate with respect to an action involving a motion to quash a deposition subpoena). *See also In re Fosamax Prods. Liab. Litig.*, MDL No. 1789, 2009 WL 10711650, at *1 (J.P.M.L. 2009) (same).

Spaulding also points to Federal Rule of Civil Procedure 45(f), which allows courts to transfer motions to quash subpoenas to the issuing court. That the Federal Rules of Civil Procedure provide an alternative means of transferring the subpoena action to the MDL, however, does not mean that transfer of subpoena actions is unavailable under Section 1407. No inconsistency is created by the existence of alternative means of transfer.

The subpoena action undoubtedly shares common factual questions with MDL No. 2924. The subpoena was issued by the transferee court, and it concerns discovery from a third party conducting a clinical trial investigating the relationship between NDMA and ranitidine, a core issue in the MDL. Furthermore, the transferee court is well placed to resolve Spaulding's challenges to the subpoena—challenges that may well be repeated with respect to other subpoenas and other third parties—given its familiarity with the factual and legal issues in MDL No. 2924.

Therefore, after considering the argument of counsel, we find that the actions listed on Schedule A involve common questions of fact with the actions transferred to MDL No. 2924, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of Florida was an appropriate Section 1407 forum for actions sharing factual questions arising from allegations that ranitidine, the active molecule in Zantac and similar heartburn medications, can form the carcinogen NDMA, either during storage or when metabolized in the human body. *See In re Zantac (Ranitidine) Prods. Liab. Litig.*, 437 F. Supp. 3d 1368, 1369 (J.P.M.L. 2020). As discussed, both the State's action and Spaulding's action share common factual questions with the actions already in the MDL.

-4-

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Southern District of Florida and, with the consent of that court, assigned to the Honorable Robin L. Rosenberg for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry        Matthew F. Kennelly
David C. Norton            Roger T. Benitez
Dale A. Kimball

**IN RE: ZANTAC (RANITIDINE)**                                    MDL No. 2924
**PRODUCTS LIABILITY LITIGATION**

## SCHEDULE A

District of New Mexico

BALDERAS v. GLAXOSMITHKLINE, LLC, ET AL., C.A. No. 1:20−00833

Eastern District of Wisconsin

IN RE: SUBPOENA DATED JUNE 18, 2020 ISSUED TO SPAULDING CLINICAL
RESEARCH, LLC, C.A. No. 2:20−mc−00027