# Exhibit "C"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 20-MD-2924

IN RE: ZANTAC (RANITIDINE)
PRODUCT LIABILITY LITIGATION
_____/

**ORDER ON MOTION FOR LETTERS ROGATORY [ECF No. 4481]**

Defendants Sanofi US Services Inc. and Sanofi Aventis US LLC ("Sanofi") move for the Court to issue letters rogatory to Dr. Adam Bretholz, a Canadian citizen ("the Request"). Plaintiffs object on proportionality grounds. The conferral certification in the Motion states that Dr. Bretholz, through counsel, objects to the Request. ECF No. 4481 at 4. Dr. Bretholz has not filed a Response nor articulated the legal basis for his objection. Non-party Valisure LLC filed a Response in Opposition to Sanofi's motion. ECF No. 4516. Sanofi filed a Reply. ECF No. 4555.

Sanofi challenges Valisure's and Plaintiffs' standing to object to the Request. In the context of third-party subpoenas under Fed. R. Civ. P. 45, a party has standing to quash a third-party subpoena only if the party has a right or privilege in the requested materials. *See, e.g., Barrington v. Mortage IT, Inc.,* 07-61304-CIV, 2007 WL 4370647, at *1 (S.D. Fla. Dec. 10, 2007) (J. Seltzer) (citing *Washington v. Thurgood Marshall Academy,* 230 F.R.D. 18, 22 (D.C. Cir. 2005)). Separately, a party can move for a protective order under Rule 26(c) if the third-party subpoena seeks information not otherwise discoverable under Rule 26(b)(1). *See Continuum on S. Beach Condo. v. QBE Ins. Corp.,* 338 F.R.D. 668, 669–70 (S.D. Fla. 2021) (J.

Goodman) (citing *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.,* 231 F.R.D. 426, 429 (M.D. Fla. 2005)).

These same principles apply to a request for letters rogatory. Rule 26(b)(1) controls "the scope of discovery;" by its terms, it is not limited to domestic discovery. A letter rogatory is a procedural vehicle to obtain discovery from a third party outside the United States. It is the functional equivalent of a Rule 45 subpoena. The same standing principles should therefore apply.

Valisure lacks standing to challenge the Request because it has not asserted a cognizable right or privilege in the requested materials. Valisure represents that Dr. Bretholz is "an investor in, and client of" Valisure. ECF No. 4516 at 2. Whatever Dr. Bretholz's status vis-à-vis Valisure, the proposed letters rogatory are directed to Dr. Bretholz for documents in his possession, custody, and control *in his individual capacity*. They do not seek evidence in the possession, custody, or control of Valisure nor documents held by Dr. Bretholz as a legal representative of Valisure. Valisure does not otherwise assert any privilege over the documents in Dr. Bretholz's possession. As such, Valisure lacks standing to object.

Plaintiffs have standing to seek a protective order. Their only asserted legal basis for a protective order is that the letters rogatory are disproportionate to the needs of the case. More specifically, Plaintiffs argue, "The proposed letters rogatory are disproportionate based on the relative importance of the issues to this litigation

2

and the importance of this information in resolving those issues." ECF No. 4517 at 2.[1]

The proposed Letters Rogatory contains 25 requests for production of documents; they do not seek a deposition or other testimony under oath. In evaluating these requests, the Court applies the principles from Federal Rule of Civil Procedure 26, including proportionality. *Roche Diagnostics Corp. v. Priority Healthcare Corp.*, 218CV01479KOBHNJ, 2019 WL 4687016, at *4 (N.D. Ala. June 6, 2019). It also must consider principles of international comity, including

> (1) the importance to the investigation or litigation of the documents or other information requested; (2) the degree of specificity of the request; (3) whether the information originated in the United States; (4) the availability of alternative means of securing the information; and (5) the extent to which noncompliance with the request would undermine important interests of the United States, or compliance with the request would undermine important interests of the state where the information is located.

*Id.* at *5 (citing Restatement of Foreign Relations Law of the United States § § 437, 442(1)(c)); *see also Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. of Iowa,* 482 U.S. 522, 544 (1987). Finally, the Court must *sua sponte* limit the scope of any discovery request that is (1) unreasonably cumulative, (2) can be obtained from a more convenient, less expensive, or less burdensome source, or (3) is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C).

---

[1] Although Valisure lacks standing, Plaintiffs' Response references and appears to adopt "the history and facts set forth in" Valisure's pleading, ECF No. 4517 at 1, so I consider that aspect of Valisure's pleading.

3

Sanofi says that the letters rogatory are necessary to "understand how Valisure knew to test ranitidine-based products for NDMA, when the brand defendants deny Plaintiffs' allegation that they "knew or have known" about this link." ECF No. 4555 at 2. Sanofi also says the evidence is needed to understand how Dr. Bretholz became aware of a link between NDMA and ranitidine and "what motivated him to investigate it." *Id.*

The request (as modified below) is proportional to the needs of this case. The Valisure study and the scientific linkage between NDMA and ranitidine are vitally important issues in this litigation. The origins and motivation of the study, including when and how Dr. Bretholz suspected a linkage and Dr. Bretholz's financial relationship with Valisure, is important to the resolution of this issue.

Turning to the issues of international comity, I find that the requested information is important to this litigation, that the requests are sufficiently specific, and that not issuing the letters rogatory would undermine the United States' important interest in efficiently adjudicating this large MDL. There is no evidence in the record that issuing the request would undermine important interests of Canada. Even assuming there are other means to acquire the requested evidence, I do not find that this factor outweighs the other comity principles.

In sum, I find that Plaintiffs have not shown good cause for a protective order denying all discovery from Dr. Bretholz. But, the proposed letters rogatory are overbroad and disproportionate to the needs of the case because they are "not date or time limited." ECF No. 4481-1 at 10. As best I can determine, a significant date is

4

in or about March 2018, when Dr. Bretholz entered into an Analytical Services Agreement with Valisure, which eventually led to the Valisure study. Recognizing that there likely were discussions preliminary to that Agreement, I find that the letters rogatory should be limited to the time period from March 2017 to the present.

For the foregoing reasons, Sanofi's Motion for Issuance of Letters of Request is GRANTED IN PART. Sanofi shall provide the Court, in Microsoft Word format, with revised Letters Rogatory that conform to this Order

**DONE and ORDERED** in Chambers this 27th day of October, 2021, at West Palm Beach in the Southern District of Florida.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE