UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

San Francisco Division

| | |
|---|---|
| IN RE RULE 45 SUBPOENAS ISSUED TO DR. RON NAJAFI AND EMERY PHARMA | Case No. 21-mc-80304-LB<br><br>**ORDER TRANSFERRING MOTION TO QUASH TO THE SOUTHERN DISTRICT OF FLORIDA**<br><br>Re: ECF Nos. 1, 18 |

## INTRODUCTION

Non-parties Ron Najafi and Emery Pharma (the Emery deponents) moved to quash deposition subpoenas served by Boehringer Ingelheim Pharmaceuticals, Inc. (BIP), in the Zantac MDL pending in the Southern District of Florida. *In re Zantac (ranitidine) Prod. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla).[1] The court there overruled the Emery deponents' objection that the MDL lacked jurisdiction to enforce the subpoenas and asserted jurisdiction over BIP's motion to compel.[2] It has set a briefing schedule: the Emery deponents' opposition to the motion to compel

---

[1] Mot. to Quash – ECF No. 1. Citations refer to material in the Electronic Case File (ECF); pinpoint citations are to the ECF-generated page numbers at the top of documents.

[2] MDL Order – ECF No. 23-1 (S.D. Fl. Jan. 19, 2022) (applying 28 U.S.C. § 1407(b)).

ORDER – No. 21-cm-80304-LB

is due February 1, 2022.[3] BIP opposed the motion to quash and also moved to transfer the dispute to the MDL court.[4]

The MDL court in the Southern District of Florida will adjudicate the motion to quash imminently, and, alternatively, exceptional circumstances justify transferring the motion to quash to the MDL court. The court transfers the case to the MDL court in the Southern District of Florida and denies the motion to quash without prejudice to its resolution in the MDL.

## ANALYSIS

"When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). BIP has the burden of showing exceptional circumstances. *Id.* Advisory Committee's Note to 2013 amendment. "The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena related motions." *Id.* Still, "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts." *Id.* "Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion." *Id.*

Factors relevant to the transfer decision include "the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Bright House Networks, LLC v. MarkMonitor, Inc.*, No. 20-MC-80083-TSH, 2020 WL 4464882, at *2 (N.D. Cal. Aug. 3, 2020) (cleaned up). Courts find that

---

[3] MDL Order – ECF No. 28-1 at 2 (S.D. Fl. Jan. 25, 2022). The court has jurisdiction to order transfer because it is nondispositive. *In re U.S. Dep't of Educ.*, No. 21-71108, slip. op. at 14 (9th Cir. Feb. 4, 2022).

[4] Opp'n to Mot. to Quash – ECF No. 13; Mot. to Transfer – ECF No. 18. The court can decide the motions without oral argument. N.D. Cal. Civ. L. R. 7-1(b).

ORDER – No. 21-cm-80304-LB          2

transfer is appropriate when the issuing court has already considered the issues implicated by the subpoena motions. *Id.*

Exceptional circumstances warrant transfer to the MDL court. It has already considered issues that overlap with the issues in the motion to quash. For example, it has held that another third party's analytic data on ranitidine is important to the MDL litigation.[5] Also, the plaintiffs in the MDL have relied on Emery's data.[6] Emery was involved with the testing and investigations regarding the relationship between ranitidine and NDMA, which is at issue in the MDL.[7] The MDL court is poised to address the issues quickly (given the briefing schedule) and has the expertise to do so. Dr. Najafi is one of the MDL plaintiffs' expert witnesses.[8] Participation can be by Zoom, according to BIP, minimizing any prejudice from travel.[9]

In sum, BIP met its burden to establish that exceptional circumstances warrant transfer.

## CONCLUSION

The court grants BIP's motion to transfer and transfers the motion to quash to the MDL court in the Southern District of Florida, *In re Zantac (Ranitidine) Prod. Liab. Litig.*, 9:20-md-02924-RLR (S.D. Fla). This disposes of ECF Nos. 1 and 18. The Clerk of Court is directed to close the case.

**IT IS SO ORDERED.**

Dated: February 4, 2022

LAUREL BEELER
United States Magistrate Judge

---

[5] MDL Order, Ex. C to Shortnacy Decl. – ECF No. 18-4 (S.D. Fl. Oct. 27, 2021).

[6] Opp'n to Mot. to Quash – ECF No. 17 at 14 (summarizing MDL docket).

[7] Reply to Mot. to Transfer – ECF No. 29 at 3 (summarizing earlier submissions).

[8] *Id.* at 4.

[9] *Id.*